# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50199
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 16, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Arnulfo Antonio Rosales Hernandez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CR-729-1

---

Before King, Higginson, and Willett, *Circuit Judges*:

Stephen A. Higginson, *Circuit Judge*:*

Arnulfo Antonio Rosales Hernandez was charged with possessing 500 grams or more of a methamphetamine mixture with intent to distribute and importing 500 grams or more of a methamphetamine mixture. After a three-day trial, a jury convicted Rosales Hernandez of the importation offense and acquitted him on the possession charge. On appeal, he challenges the

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sufficiency of the evidence to support his conviction, as well as the jury's split verdict. For the reasons stated below, we AFFIRM Rosales Hernandez's conviction and sentence.

Because Rosales Hernandez moved for judgment of acquittal at the close of the government's case but failed to renew his motion at the close of evidence or after the verdict, we review his sufficiency challenge for plain error. *See United States v. Cabello*, 33 F.4th 281, 285 (5th Cir. 2022); *United States v. Oti*, 872 F.3d 678, 686 (5th Cir. 2017); *United States v. McIntosh*, 280 F.3d 479, 483 (5th Cir. 2002). In the context of a sufficiency challenge, we will reverse for plain error "only if there is a manifest miscarriage of justice," meaning that "the record is devoid of evidence pointing to guilt or the evidence is so tenuous that a conviction is shocking." *Oti*, 872 F.3d at 686 (cleaned up).

To establish the offense of importation of methamphetamine, the government had to prove: "(1) the defendant played a role in bringing a quantity of a controlled substance into the United States from outside of the country; (2) the defendant knew the substance was controlled; and (3) the defendant knew the substance would enter the United States." *United States v. Lopez-Monzon*, 850 F.3d 202, 206 (5th Cir. 2017) (cleaned up). Rosales Hernandez challenges only the knowledge element of his conviction, arguing that the government failed to introduce sufficient evidence that he knew that the vehicle he drove across the border contained methamphetamine in a hidden compartment.

Ordinarily, control over a vehicle that contains contraband can support an inference of knowledge of the contraband. *See United States v. Mendoza*, 522 F.3d 482, 489 (5th Cir. 2008). But when contraband is concealed, additional circumstantial evidence "that is suspicious in nature or demonstrates guilty knowledge" is required. *Id.* (citation omitted).

The record is not "devoid" of circumstantial evidence from which a reasonable jury could infer Rosales Hernandez's knowledge of the concealed methamphetamine, nor is that evidence "so tenuous" that his conviction is "shocking." *Oti*, 872 F.3d at 686 (cleaned up). The Border Patrol Officer who spoke with Rosales Hernandez during the primary vehicle inspection testified at trial that Rosales Hernandez told him that the vehicle belonged to "his friend named Carlos," that "Carlos lent it to him because [Rosales Hernandez's] truck had broke[n] down, and [that] he [had] been driving it . . . about a month." Yet the car "appeared to be sterile," with "no trash, no food, no wrappers, [and] no drinks" in it. In addition, the jury heard testimony that Rosales Hernandez stared at the X-ray machine used to scan vehicles for contraband during the secondary inspection of his vehicle, and that he acted nervously during a later law enforcement interview.

During the subsequent interview, which was published to the jury, Rosales Hernandez contradicted his earlier story and said that he got the car from a woman named Sophia who employed him to bring merchandise and cash between Mexico and Dallas. But his account of how he did business with Sophia was implausible. He told the law enforcement officer that when he arrived in Dallas, he called Sophia, and Sophia's men would take the car from him to load bags of clothing or merchandise into it for an hour or an hour and a half.

Moreover, "[a] jury may infer a defendant's guilty knowledge based on the quantity of drugs, as long as other evidence supports the inference." *United States v. Garcia-Flores*, 246 F.3d 451, 455 (5th Cir. 2001). Here, 38.12 kilograms of 94-percent pure methamphetamine were found hidden under trapdoors in the vehicle. Those drugs were worth between $380,000 and $1.1 million. Along with the inconsistencies in Rosales Hernandez's story and his demeanor throughout the investigation, this quantity of concealed drugs provided sufficient evidence for the jury to find Rosales Hernandez

guilty of importing methamphetamine. His conviction is therefore not "a manifest miscarriage of justice." *Oti*, 872 F.3d at 686 (cleaned up).

Finally, Rosales Hernandez's challenge to the jury's split verdict lacks merit "as it is well established that juries are entitled to render inconsistent verdicts." *United States v. Parks*, 68 F.3d 860, 865 (5th Cir. 1995). Indeed, "inconsistent verdicts are not a bar to conviction so long as there is sufficient evidence to support the jury's determination of guilt." *United States v. Sanders*, 952 F.3d 263, 276 (5th Cir. 2020) (cleaned up). As we explained, sufficient evidence did support Rosales Hernandez's conviction for importing methamphetamine.

The district court's judgment is AFFIRMED.